**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-10882
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

LAWRENCE OSUME,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:95-CR-065-X)

_____

August 8, 1996

Before KING, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]


Lawrence Osume appeals his conviction under 8 U.S.C. § 1326
(illegal reentry of a deported alien).  He argues that (1) specific
intent is an element of a § 1326 violation, that (2) a defense of
reasonable mistake is at least law of the case, if not the law of
the circuit, and that (3) the district court reversibly erred in
not including the specific intent element in the jury instruction.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

Osume concedes that he did not object to the jury instruction, and agrees that we therefore review only for plain error.  We affirm.

The district court included a defense of reasonable mistake in its instructions to the jury, but did not require that the jury find that Osume knew he was not entitled to reenter the country. Neither Osume nor the government objected to this jury instruction.

The district court acted without the benefit of our recent opinion in *United States v. Treviño-Martinez*, 86 F.3d 65, 69 (5th Cir. 1996), in which we held that specific intent is not an element of a § 1326 violation and that, consequently, a defense of reasonable mistake  is not available under that provision.  Thus, none of Osume's alleged errors is an error at all, much less a plain error.

Osume's only remaining argument is that a defense of reasonable mistake is law of the case because the government did not object to the inclusion of that defense in the jury instruction. Assuming that this is correct, prevailing on this argument provides Osume no relief.  Despite the inclusion of a defense to which he was not entitled, *see id.*, the jury still found him guilty.

Concluding that Osume's arguments are without merit, we AFFIRM.